IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JESSE LIU, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-24-3289 |
| SIGNAGEN LABORATORIES, LLC, et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Jesse Liu's Motion for Extension of Time to Complete Discovery. (ECF No. 47.) The Motion is fully briefed (ECF Nos. 50, 52) and will be denied.

Discovery in this case closed on December 3, 2025. (ECF No. 34.) Shortly beforehand, on November 10, 2025, Plaintiff filed a previous Motion for Extension of Time to Complete Discovery (ECF No. 38), which the Court denied (ECF No. 44), finding that Plaintiff "describe[d] the need for the requested extension in exceedingly vague terms" and thus failed to satisfy her burden to establish good cause. (*Id.* at 2.) So too here, Plaintiff fails to meet her burden.

Under Rule 16(b)(4), Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the Judge's consent." Fed. R. Civ. P. 16(b)(4). In assessing whether good cause exists, courts generally weigh "the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *AMBIMJB, LLC v. Strategic Armory Corps, LLC*, No. JKB-20-807, 2020 WL 5798366, at *3 (D. Md. Sept. 29, 2020) (citations omitted). The party

seeking to modify the scheduling order bears the burden of establishing good cause. *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 588 (D. Md. 2018).

Plaintiff's Motion argues that two productions Defendants made late in discovery raise significant questions that she is entitled to explore in discovery. First, she asserts—as she did in her previous Motion (ECF No. 38 ¶ 2)—that Defendants produced certain "pertinent evidence" on November 4, 2025, that raises "numerous questions" but was "improperly and maliciously withheld . . . until right before the discovery deadline." (ECF No. 47 at 1–2.) Second, Plaintiff asserts that additional productions, made on November 10, 2025 (and possibly December 2 and December 3, 2025 (*id.* at 2)) "ma[d]e matters worse" because they were not in English and needed to be translated and because they "appear to include manipulated images and manufactured text messages." (*Id.* at 5.) Plaintiff seeks to hire a "forensic expert to analyze" such materials and "will also need to seek full custodial data and metadata to authenticate these materials." (*Id.* at 6.) Plaintiff requests "a sixty (60) day extension of all remaining deadlines" (*id.*), moving the discovery deadline from December 3, 2025, to February 1, 2026 (less than two weeks from now), and the deadline for dispositive pretrial motions from February 9, 2026, to April 10, 2026.

Plaintiff's Motion will be denied. First, the Motion—like Plaintiff's previous Motion—does not describe the nature of the "pertinent evidence" produced on November 4, 2025, let alone identify any of the questions it allegedly raises, explain the significance of those questions to the claims in her case, or explain why the month that remained in discovery when this "pertinent evidence" was produced was insufficient to explore these questions. (*See generally id.*) Defendants interpret Plaintiff's complaint to concern a "Hotel Video" "of [Plaintiff] and [Defendant Zhou] engaging in consensual, intimate acts at a hotel." (ECF No. 50 at 2.) Defendants claim Plaintiff possessed this video all along, and they provide evidence to show that they offered,

2

on October 15, 2025, to produce it. (*Id.*, ECF No. 50-1.) Defendants describe this evidence as "key" to the case but argue that Plaintiff fails to show why its production on November 4, 2025, justifies reopening discovery now. (ECF No. 50 at 2.)

The Court agrees. Plaintiff has not provided adequate support for a finding that this evidence raised questions she was entitled to explore in discovery or that it should have been produced by Defendants any sooner than it was, much less that Defendants conducted discovery with "malice." For example, Plaintiff's Motion neglects to identify which discovery request in particular the video was allegedly responsive to, or a single question it raises that she would be entitled to explore through discovery. Given this, Plaintiff has not provided justification for a delay in the proceedings here. Rather, as to this first point, Plaintiff's Motion is merely a recapitulation of her previous Motion and meets the same fate for the same reasons.

Plaintiff's second set of concerns also falls short of demonstrating good cause for the requested delay, though here it is a closer call. As an initial matter, Plaintiff waited until December 19, 2025—weeks after discovery closed—to first raise her concerns about the authenticity of produced text messages and photographs, despite the evidence at issue having been produced more than a month earlier, on November 10, 2025, when weeks of the discovery period remained. The Court recognizes that Plaintiff's previous Motion, which also requested an extension of the discovery deadline, was pending between that date of production and the close of discovery, but nevertheless, Plaintiff could have moved sooner to preserve this independent basis for her request, especially knowing how bare-bones her previous Motion was. Further, Plaintiff fails to demonstrate how the delay sought here—extending the discovery deadline to February 1, 2026—will suffice to permit an exploration of the kind Plaintiff seems to seek. Plaintiff seeks to hire a "forensic expert to analyze" the materials at issue and "will also need to seek full custodial data

3

and metadata to authenticate these materials," (ECF No. 47 at 6), which the Court presumes cannot feasibly be accomplished between now and February 1, 2026. Any meaningful relief on this issue would thus likely cause a considerably more substantial delay in the proceedings than Plaintiff appears to request.

Further still, and most significantly, the Court concurs with Defendants that "a mere bald assertion that the text messages and photographs 'appear to include manipulated images and manufactured text messages' cannot serve as a good cause to reopen discovery." (ECF No. 50 at 3.) In apparent recognition of the strength of this point, Plaintiff's Reply attaches one of the photographs at issue (ECF No. 52-3), explaining that Defendants have produced what appears to be two versions of the same image—one in which Plaintiff appears to be wearing a shirt and one in which she does not. Plaintiff asserts that "[t]his clearly shows that the original photograph has been doctored and raises serious concern," and elaborates that "[t]here are also numerous screen shots of conversations that appear to have been manually edited, which is obvious to the reader by the difference in formatting and fonts," though no such conversations have been attached for the Court's review. (ECF No. 52 at 4.)

The Court certainly appreciates that if these images are relevant to Plaintiff's case or Defendants' defenses, then their nature and authenticity are relevant as well. But Plaintiff's Motion is deficient in establishing that these images *are* relevant and indeed sufficiently important to the case to merit a late-requested extension of the discovery period. Plaintiff fails to identify the elements of her claim that these images or messages will prove or disprove, and she provides no argument that other available evidence cannot fulfill this purpose. As such, Plaintiff fails to meet her burden in establishing that there is a sufficient reason for the delay. Similarly, Plaintiff fails to meaningfully respond to Defendants' well-taken point that opening an entire expert

discovery period at this stage of the case would both prejudice them by requiring the expenditure of considerable additional resources and cause substantial delays in the proceedings. For these reasons, Plaintiff has not met her burden to establish good cause for the requested delay.

Accordingly, it is hereby ORDERED that Plaintiff's Motion (ECF No. 47) is DENIED.

DATED this __21__ day of January, 2026.

BY THE COURT:

_____
James K. Bredar
U.S. District Judge