# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

| | | |
|---|---|---|
| **JESSE LIU**, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: 1:24-cv-03289-JKB** |
| | : | |
| **SIGNAGEN LABORATORIES, LLC and** | : | |
| **JIANZHENG "JEFFREY" ZHOU**, | : | |
| | : | |
| **Defendants.** | : | |

---

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
### MOTION TO PROCEED UNDER PSEUDONYM OR,
### <u>IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER</u>

Defendants SignaGen Laboratories, LLC and Jianzheng "Jeffrey" Zhou (collectively, "Defendants"), through their undersigned counsel, file this response in opposition to Plaintiff Jesse Liu's ("Plaintiff") *Motion To Proceed Under Pseudonym Or, In The Alternative, For A Protective Order* ("Pseudonym Motion"; ECF No. 61) and state as follows:

1. Plaintiff commenced this action on November 13, 2024, under the pseudonym "Jesse Liu," without ever seeking this Court's leave to do so.

2. This Court granted the parties' *Joint Motion for Entry or Protective Order* (ECF No. 39) and issued a *Protective Order* on November 24, 2025 ("Protective Order"; ECF No. 40).

3. Pursuant to the issued Protective Order, each party can designate certain "sensitive personal information, trade secrets or other confidential research, development, or commercial information" as confidential materials subject to the Protective Order. ECF No. 40. At no time did the parties agree to designate Ms. Jesse Liu's true, legal name as confidential information. Moreover, Plaintiff's team of attorneys have never asked Defendants' counsel

1

to include or designate Ms. Liu's legal name as confidential information.  It is each party's own responsibility to designate documents and information as confidential (*e.g.*, "[p]ortion of depositions of a party's present and former officers, directors, employees, agent, experts, and representative shall be deemed confidential ***only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript***."). ECF No. 40 (emphasis added).

4.    Plaintiff and her counsel waited well over a year, and, more importantly, after filing a plethora of documents with this Court revealing Plaintiff's legal name, to now seek this Court's leave to proceed under the pseudonym "Jesse Liu."  That is to say, Plaintiff now wants to remedy her own dereliction.

5.    Plaintiff's true identity has already been revealed by her own filings (*i.e.*, the proverbial cat is out of the bag).  For examples:

- At ECF No. 47-4, Plaintiff's true identity is revealed 3 times on page 38 of 165; page 59 of 165; and page 153 of 165.

- At ECF No. 47-8, Plaintiff's true identity is revealed 1 time on page 8 or 10.

- At ECF No. 49, Plaintiff's true identity is revealed 1 time on page 153 of 165.

- At ECF No. 51, Plaintiff's true identity is revealed 1 time on page 152 of 164.

6.    Courts in the Fourth Circuit have recognized that the public has an "important interest in open judicial proceedings."  Doe v. Public Citizen, 749 F.3d 246, 273 (4th Cir. 2014).[1]

---

[1] The Fourth Circuit has identified the following non-exhaustive list of relevant factors: "(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." James v. Jacobsen, 6 F.3d 233, 238 (4th Cir. 1993).

However, "compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." Id. at 273. In determining whether to allow a party to proceed under a pseudonym, a court must balance "the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274.

7. Here, Plaintiff's reasons for proceeding under a pseudonym are that she is a victim of sexual advances/assaults and she is likely to suffer further trauma. Unfortunately, through her own pleadings, Ms. Liu's true identity is already known to the world (by filing unredacted and not designated as confidential documents). The "to preserve privacy" factor is no longer in play.

8. And since this case does not involve a government entity, the three remaining factors articulated under James v. Jacobsen, 6 F.3d 233, 238 (4th Cir. 1993) favor denial of Plaintiff's Pseudonym Motion.

9. Because Plaintiff was SignaGen Laboratories, LLC's former employee, her personal information is already available to the Defendants. There is no danger of "retaliatory physical or mental harm to the requesting party." Defendants have had no contact whatsoever with the Plaintiff (other than appearing remotely for depositions) since the inception of this case.

10. Ms. Liu is not a minor or a susceptible teenager or elder.

11. Lastly, it would be unfair to allow Ms. Liu, the alleged victim, to proceed under a pseudonym while Mr. Zhou's, the alleged perpetrator, identity is out in the open. There is a genuine dispute of material fact as to the issue on whether Ms. Liu carried on an intimate relationship with Mr. Zhou on her own accord or Mr. Liu was a victim of sexual assaults.

No police report has ever been filed by Ms. Liu against Mr. Zhou relating to the alleged sexual assaults.  Moreover, Defendants have advanced text messages between Mr. Liu and Mr. Zhou suggesting Ms. Liu was the initiator or any intimate relationship.  *See* **Exhibit 7** attached to *Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment* (ECF No. 62-7; text messages dated December 31, 2022, from Plaintiff to Mr. Zhou stating: "Please stop pretending to be aloof alright Don't you secretly like me but just won't say it? You hypocrite! I know you're afraid of getting into trouble don't worry I won't tell anyone in the company and there won't be any legal issues. It's me who likes you it's me who seduced you!").[2]

WHEREFORE, for the foregoing reasons, Defendants respectfully request this Honorable Court to deny Plaintiff's *Motion to Proceed Under Pseudonym or, in the Alternative, for a Protective Order* (ECF No. 61).

Date: February 25, 2026.                                  Respectfully submitted,

/s/ *Michael P. Hsur*
Michael P. Hsur, Esq. (Bar No. 18855)
Business Law Associates, LLC
1451 Rockville Pike, Ste. 250
Rockville, MD 20852
Telephone: (301) 998-6153
Facsimile: (301) 778-7208
Email: mphsur@hotmail.com
*Counsel for Defendants.*

---

[2]     Neither party has designated these text messages as "confidential."

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2026, I caused the foregoing *Defendants' Response in Opposition to Plaintiff's Motion To Proceed Under Pseudonym Or, In The Alternative, For A Protective Order* to be electronically filed and served using the Court's CM/ECF system.

*/s/ Michael P. Hsur*
Michael P. Hsur, Esq. (Bar No. 18855)
Business Law Associates, LLC
1451 Rockville Pike, Ste. 250
Rockville, MD 20852
Telephone: (301) 998-6153
Facsimile: (301) 778-7208
Email: mphsur@hotmail.com
*Counsel for Defendants.*