**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JESSE LIU, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-24-3289 |
| SIGNAGEN LABORATORIES, LLC, et al. | * | |
| | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*  .  \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's[1] "Motion for Extension of Time to File a Combined Motion, and Motion to Reopen Discovery, and Motion to Withdraw Plaintiff's Motion for Summary Judgment." (ECF No. 73.) The Motion will be granted in part and denied in part.

First, Plaintiff's Motion for Summary Judgment will be withdrawn as requested. (ECF No. 73 at 2 ("Plaintiff withdraws Motion for Summary Judgment (ECF 56).").)

Second, Plaintiff's request to reopen discovery will be denied. Plaintiff moves "to reopen discovery to allow Plaintiff to request original documents from Defendants, examine the original documents, and conduct interrogatories with respect to the fabricated documents." (ECF No. 73 at 1.) The "original documents" Plaintiff references "include, but [are] not limited to, the Employee Handbook, Agreement, 1099 Tax Form, and text messages" (*id.* at 1 n.1), and "the fabricated documents" she refers to appear to include "[f]or example, . . . a falsified, sexually explicit image of the Plaintiff [which Defendant Zhao] copied and pasted into a fabricated text

---

[1] As discussed below, Plaintiff was previously represented by counsel but is now proceeding pro se.

message exchange to falsely suggest that she tried to seduce him" (*id.* at 1 n.2). Plaintiff's only statement approximating an argument as to why additional discovery is appropriate is the assertion that she "requires additional time to . . . conduct forensic document examinations." (*Id.* at 1.)

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the Judge's consent." Fed. R. Civ. P. 16(b)(4). In assessing whether good cause exists, courts generally weigh "the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *AMBIMJB, LLC v. Strategic Armory Corps, LLC,* No. JKB-20-807, 2020 WL 5798366, at *3 (D. Md. Sept. 29, 2020) (citations omitted).

Plaintiff's request to reopen discovery is less persuasive than her two previous Motions for Extension of Time to Complete Discovery (ECF Nos. 38, 47), which the Court already denied (ECF Nos. 44, 53).[2] Plaintiff once again fails to meet her burden to show good cause for a modification of the Scheduling Order, as her request is not supported by argument. Plaintiff does not identify any discovery request the "original documents" she lists were responsive to, or indeed whether they were requested during the pendency of the discovery period or only after it closed. (ECF No. 73 at 1 n.1.) And Plaintiff's request to conduct discovery about "the fabricated documents" appears to duplicate a request she made previously (ECF No. 47), which the Court considered and denied (ECF No. 53), explaining that Plaintiff has not articulated the relevance of the documents at issue or their authenticity (*id.* at 4–5). Plaintiff's pending motion adds nothing in this regard. Reopening discovery at this late juncture would prejudice Defendants insofar as it would require the expenditure of additional resources and cause substantial delays in the proceedings. The Court finds that Plaintiff has not provided any basis to reopen discovery.

---

[2] Before denying these two Motions for Extension, the Court granted not one but two earlier requests for extensions of the discovery period (*see* ECF Nos. 23, 34), affording the parties ample time to conduct discovery.

Third, Plaintiff's request for an additional thirty (30) days "to obtain substitute counsel and file a single motion addressing her arguments pursuant to the Court's Order (ECF No. 72)" will be denied. The Order Plaintiff references was the result of her previous attorneys' withdrawal from the case. (*Id.*) When Plaintiff's counsel withdrew (ECF No. 65), Plaintiff's Motion to Proceed Under Pseudonym, or, in the Alternative, for a Protective Order (ECF No. 61) and one Motion to Seal (ECF No. 58) were pending. After counsel withdrew, Plaintiff, proceeding pro se, filed three additional "Emergency Motions to Seal" (ECF Nos. 67, 68, and 71). To afford Plaintiff an opportunity to obtain substitute counsel, the Court denied those motions without prejudice to refiling, but directed the Clerk to temporarily maintain the sealing Plaintiff requested until April 25, 2026, by which deadline Plaintiff was required to move for any of the relief requested in her motions that she continues to assert is appropriate. (ECF No. 72.) Plaintiff now seeks to extend this deadline by thirty (30) days. (ECF No. 73.)

The Court will direct the Clerk to temporarily maintain the sealing Plaintiff requested in her Motions until May 8, 2026, by which date Plaintiff—*whether she has obtained substitute counsel or not*—will be required to file a single consolidated motion identifying with specificity exactly what relief previously sought in these motions that she continues to seek and what basis she relies on in seeking it. In the absence of any such motion, the Court will unseal the documents at issue. For clarity, the Court explains further as follows.

The Court previously granted Plaintiff's Motion to Seal a particular photograph that Plaintiff attached as an exhibit to one of her own filings, which Plaintiff claims was fabricated by the Defendant and which appears to depict Plaintiff, from the shoulders up, without clothing. (ECF No. 55 (sealing ECF No. 52-3).) If Plaintiff timely moves for such relief, the Court will seal other instances of this same photograph filed elsewhere on the docket—for example, at ECF No. 62-7.

3

However, the Court will not grant an overly broad request to seal. For example, the fact that this photo has been attached as an exhibit to a party's brief does not provide a basis for sealing the entire brief (ECF No. 62); rather, the Court has found grounds to seal the exhibit alone. If Plaintiff contends that any sealing of this photograph is necessary beyond what has already been ordered (i.e., beyond the sealing of ECF No. 52-3, and beyond the sealing of ECF No. 62 and all of its attachments, which is discussed below), then the burden is on Plaintiff—not the Court—to identify narrowly and specifically where exactly on the docket the photo has been filed. Plaintiff need not provide additional argumentation as to why the sealing of this particular photograph is appropriate.

Beyond this photograph, Plaintiffs' Motions to Seal requested sealing of entire filings in five categories:

1. The briefing on Plaintiff's now-withdrawn Motion for Summary Judgment (ECF Nos. 56, 62)

2. The briefing on Plaintiff's Motion for Extension (ECF Nos. 47, 50, 52)

3. Plaintiff's Motion to Proceed Under Pseudonym, or, in the Alternative, for a Protective Order (ECF No. 61)

4. Two of Defendants' Responses in Opposition to Plaintiff's Motions to Seal (ECF Nos. 69, 70)

5. Clerk's Local Rule 101.2 Withdrawal Letter (ECF No. 66)

Because Plaintiff has withdrawn her Motion for Summary Judgment, which the Court has not yet ruled on, the briefs in Category 1 are not judicial records. To give effect to Local Rule 105.11, which provides that if a motion to seal is denied, "the party making the filing will be given an opportunity to withdraw the materials," the Court will direct the Clerk to maintain these briefs under seal. Otherwise, if Plaintiff continues to assert that sealing any of the documents in Categories 2–5 is appropriate, she must specifically identify exactly what she seeks to seal and must provide sufficient legal argument as to why it should remain under seal. Again, the Court

4

will not grant an overly broad request to seal. Merely asserting that a brief contains "fabrications," or "inaccurate statements," or "false and highly sensitive information"—without identifying the specific statements or information at issue—will not suffice. Nor will justification for sealing a specific sentence in a brief suffice as justification for sealing the entirety of the brief. If Plaintiff fails to file a motion renewing her request for relief, the documents temporarily under seal will be unsealed.

Finally, with discovery complete and no dispositive motions pending in the case, a conference call will be set in for purposes of scheduling trial and pre-trial deadlines.

\*\*\*

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's "Motion for Extension of Time to File a Combined Motion, and Motion to Reopen Discovery, and Motion to Withdraw Plaintiff's Motion for Summary Judgment" (ECF No. 73) is GRANTED IN PART and DENIED IN PART.

2. Plaintiff's Motion for Summary Judgment (ECF No. 56) is WITHDRAWN. The Clerk is DIRECTED to maintain the briefing on that Motion (ECF Nos. 56, 62) UNDER SEAL.

3. Plaintiff's request to reopen discovery is DENIED.

4. On or before May 8, 2026, Plaintiff—whether she has obtained substitute counsel or not—MAY FILE a single consolidated motion identifying with specificity exactly what relief, if any, that was previously sought in her Motions to Seal (ECF Nos. 58, 67, 68, and 71) or her Motion to Proceed Under Pseudonym (ECF No. 61), that she continues to seek. In the absence of any such motion, the Court will unseal the documents at issue.

5

5.  A conference call is SET IN for May 19, 2026, at 1:00 P.M. for purposes of scheduling trial and pre-trial deadlines.  Counsel for Defendants are directed to CIRCULATE conference call contact information to Plaintiff and to chambers.


DATED this __23__ day of April, 2026.


                                        BY THE COURT:

                                        _James K. Bredar_____

                                        James K. Bredar
                                        United States District Judge

6