**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JESSE LIU,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL NO.  JKB-24-3289** |
| **SIGNAGEN LABORATORIES, LLC,** et al. | * | |
| | * | |
| **Defendants.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**<u>MEMORANDUM AND ORDER</u>**

On May 19, 2026, the Court set this matter in for a jury trial to begin on July 20, 2026. (ECF No. 82.)  The draft pretrial order was due on July 2, 2026.  (*Id.* at 1.)  The parties were ordered to "meet and confer with respect to the pretrial order, and **to the fullest extent possible** make a **joint** submission."  (*Id.* (emphasis in original).)  Plaintiff, who has been proceeding pro se since February of this year, elected not to meet and confer with defense counsel.  Defendants thus submitted their own draft pretrial order prior to the pretrial conference.  (ECF No. 109.)  Plaintiff did not.  At the pretrial conference on July 9, the Court questioned Plaintiff extensively about her failure to meet and confer with defense counsel and to submit a draft pretrial order.  Her answers were non-responsive and focused largely on matters that had already been long-resolved.  The Court then ordered Plaintiff to show cause why her case should not be dismissed for failure to prosecute.

The Court memorialized this oral directive in a written Order later that day.  (ECF No. 119.)  The Court emphasized the critical importance of the pretrial order in guiding the course of

a civil trial. (*Id.* at 2 (citing *McLean Contracting Co. v. Waterman Steamship Corp.*, 277 F.3d 477, 479 (4th Cir. 2002)).) And it explained that Plaintiff's failure to meet and confer with defense counsel and to submit a draft pretrial order violated the Court's scheduling order, Local Rule 106.1, and Federal Rule of Civil Procedure 16. (*Id.* at 1–2.) Thus, the Court ordered Plaintiff to show cause, before July 13 at 5:00 PM, "why her case should not be dismissed for failure to prosecute her claims, with specific attention to her failure to submit required materials in anticipation of the pretrial conference which would have advised the Court of the facts and legal theories underpinning her claims." (*Id.* at 3.) The Court also indicated that dismissal may be appropriate if Plaintiff did not show cause. (*Id.*)

Plaintiff filed her response on July 13 at 4:55 PM.[1] (ECF No. 121.) It states that Plaintiff has been suffering from severe migraines and other medical issues which worsened after the July 9 hearing. Although Plaintiff contends that she saw a doctor for these symptoms and purports to have attached records relating to this visit, no attachment was docketed.[2]

Plaintiff's response does not comply with the Court's order to show cause, and she continues to risk dismissal of her claims. *See Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (explaining that a court may sua sponte dismiss a case if the plaintiff fails to prosecute it or comply with the Court's orders). The Court considers four factors in deciding whether dismissal is appropriate: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* Plaintiff's filing does not adequately address any of these factors. However, in light of Plaintiff's pro se

---

[1] Although Plaintiff's response was not placed on the public docket until the morning of July 14, it was submitted via the Court's EDSS system for pro se litigants at 4:55 PM on July 13.

[2] On the morning of July 14, Plaintiff seems to have emailed a heavily redacted version of this document to defense counsel, who then emailed this document to the Court.

status and her asserted medical ailments, the Court will set in a hearing and provide her one final opportunity to explain why her case should not be dismissed for failure to prosecute and for failure to comply with Court orders.

Accordingly, it is ORDERED that:

1. The trial dates in this matter are VACATED.

2. This matter is SET IN for a HEARING on Tuesday, July 21, 2026, at 10:00 AM in Courtroom 5A on the question of whether this case should be dismissed due to Plaintiff's failure to prosecute her claims and to comply with Court orders.

DATED this ___14___ day of July, 2026.

BY THE COURT:

/S/ JAMES K. BREDAR
James K. Bredar
United States District Judge

3